IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERICAN HONDA MOTOR CO.,
INC.,

    Plaintiff,

      v.

PETER F. WINGARD,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-3522-TWT

**OPINION AND ORDER**

This is a declaratory judgment action relating to the validity of a patent. It is

before the Court on the Defendant's Motion to Dismiss [Doc. 12], which is DENIED.

**I. Background**

The Defendant, Peter Wingard, claims to own the '431 patent, entitled "Anti-

Theft Device for Protecting Electronic Equipment," which was issued on June 25,

1996, and names Wingard as the sole inventor.[1] Around November of 2013, the

Defendant's counsel began sending infringement demand letters to more than twenty

Honda dealerships across the country.[2] The letters accused the dealerships of

---

[1]    Compl. ¶ 4.

[2]    Id. ¶ 11.

infringing the patent by selling vehicles such as the Honda Odyssey, the Honda Accord, and the Honda Crosstour.[3] On May 21, 2014, the Defendant filed suit against Orr Honda (a Texarkana, Texas, dealership) in the Eastern District of Texas, alleging infringement of the '431 patent.[4] On November 3, 2014, Wingard added American Honda Motor Company, Inc., as a defendant in that suit.[5] On March 18, 2015, that suit was voluntarily dismissed without prejudice pursuant to stipulation by the parties.[6] Additionally, on June 3, 2014, the Defendant filed suit against Zimbrick Honda (a Madison, Wisconsin, dealership) in the Western District of Wisconsin, also alleging infringement of the '431 patent.[7] The suit against Zimbrick Honda has since been voluntarily dismissed without prejudice by Wingard.[8]

---

[3]     Id. ¶ 12.

[4]     Id. ¶ 14.

[5]     Amended Compl. Against American Honda Motor Co., Inc., Orr Honda, Wingard v. Orr Honda, No. 5:14-cv-00066-RWS-CMC (E.D. Tex. Nov. 3, 2014), ECF No. 25.

[6]     Final Judgment, Wingard v. Orr Honda, No. 5:14-cv-00066-RWS-CMC (E.D. Tex. Mar. 18, 2015), ECF No. 38.

[7]     Compl. ¶ 15.

[8]     Corrected Notice of Vol. Dismissal, Wingard v. Zimbrick Honda, No. 3:14-cv-00404-JDP (W.D. Wisc. Feb. 18, 2015), ECF No. 69.

The Plaintiff, American Honda Motor Company, Inc., is the sole authorized supplier of Honda-branded vehicles in the United States.[9] It is required to indemnify its dealers for patent infringement liability.[10] It brings this action seeking a declaratory judgment that the Defendant does not own any rights to the '431 patent and that it has not infringed any valid and enforceable claim of the '431 patent. It also seeks an order enjoining the Defendant from bringing any lawsuit or threat against it or any Honda dealer for infringement of the '431 patent. The Defendant now moves to dismiss for lack of subject matter jurisdiction, arguing that there is no case or controversy between the parties.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[11] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[12] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as

---

[9]      Compl. ¶17.

[10]      Id. ¶ 18.

[11]      FED. R. CIV. P. 12(b)(1).

[12]      Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

true for the purposes of the motion."[13] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[14]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"[15] The presumption of truthfulness does not attach to the plaintiff's allegations.[16] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[17]

## III. Discussion

The Defendant moves to dismiss the Plaintiff's declaratory judgment action for lack of subject matter jurisdiction. Specifically, the Defendant argues that no case or controversy exists here. "The threshold question for declaratory judgment jurisdiction is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

---

[13]    Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[14]    Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

[15]    Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[16]    Id.

[17]    Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

immediacy and reality to warrant the issuance of a declaratory judgment.'"[18] The Federal Circuit held that declaratory judgment jurisdiction exists in patent matters where the declaratory judgment plaintiff has an obligation to indemnify customers who have been sued by the declaratory judgment defendant.[19] Additionally, a supplier of a product has standing to bring a declaratory judgment action if "there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers."[20] The Federal Circuit found standing based on contributory infringement where the patent holder sent an infringement letter to the customer, which mentioned the supplier's products.[21] There is no requirement that the patent holder expressly accuse the supplier of contributory infringement.[22]

Here, several factors support standing. First, the Defendant clearly references Honda vehicles in his infringement letters to the Plaintiff's customers. This carries

---

[18]    Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 903 (Fed. Cir. 2014) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

[19]    Id. at 904.

[20]    Arris Grp. v. British Telecomms. PLC, 639 F.3d 1368, 1375 (Fed. Cir. 2011).

[21]    Id. at 1378.

[22]    Id. at 1379.

with it the implied assertion that the Plaintiff was committing contributory infringement. Further support for the allegation of contributory infringement comes from the fact that the Defendant impleaded the Plaintiff in one of its other lawsuits against the Plaintiff's customers. Additionally, the Plaintiff has an obligation to indemnify its customers if they are found liable to the Defendant for infringing the '431 patent. Taken together, these facts indicate a substantial controversy between the parties such that a declaratory judgment action is proper. The Defendant's motion to dismiss should be denied.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 12] is DENIED.

SO ORDERED, this 1 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge